IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER KIRKLAND,<br><br>  Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A., THE BANK OF NEW YORK MELLON, N.A., BANK HOME LOANS SERVICING, L.P., MERS AND DOES 1-10,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND RELEASE LIS PENDENS<br><br><br><br>Case No. 2:11-CV-425 TS |

This matter is before the Court on Defendants' Motion to Dismiss and Release Lis Pendens. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

On April 25, 2007, Plaintiff executed an Adjustable Rate Note in favor of Countrywide Home Loans, Inc. in the principal amount of $597,835 to acquire property in Salt Lake County, Utah. On that same date, Plaintiff also executed a Deed of Trust that identified Countrywide

1

Home Loans, Inc. as Lender, Scott Lundberg as Trustee, and MERS as Beneficiary and as nominee for Lender and Lender's successors and assigns.

On November 30, 2010, MERS assigned the Deed of Trust to Bank of New York Mellon ("BNYM"). BNYM then appointed ReconTrust as the successor trustee under the Deed of Trust.

Plaintiff's Complaint brings claims for quiet title and declaratory judgment. Plaintiff's quiet title claim alleges that the trust deed has been split from the note and, therefore, Plaintiff claims a superior interest in the property. Plaintiff's declaratory judgment claim asserts that Defendants lack the authority to foreclose on the property.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[2] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[3] *GFF Corp.*, 130 F.3d at 1384.

[4] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[6] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[7]

## III.  DISCUSSION

As stated, Plaintiff's Complaint brings two claims: quiet title and declaratory judgment. Plaintiff's quiet title claim rests on a "split note" theory that has been repeatedly rejected by this Court and now by the Utah Court of Appeals.[8] Plaintiff provides no reason for this Court to depart from this precedent.

---

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[7]*Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[8]*Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration System, Inc.*, — P.3d —, 2011 WL 2714429, at *4-5 (July 14, 2011).

Plaintiff's declaratory judgment fails for the same reasons. It too has been rejected both by this Court and now by the Utah Court of Appeals. Plaintiff's reliance on precedent from other jurisdiction is unavailing and this claim will be dismissed.

Based on all of the above, the Court will dismiss Plaintiff's Complaint. Therefore, the Court need not reach Defendant's arguments concerning judicial estoppel.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss and to Release Lis Pendens (Docket No. 8) is GRANTED.

Plaintiff's Complaint is dismissed with prejudice. The Clerk of the Court is directed to close this case forthwith. The lis pendens filed in relation to this matter shall be released.

DATED   July 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge